IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:10-cv-40

| | |
|---|---|
| LENOIR MALL, LLC ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | MEMORANDUM |
| ) | AND ORDER |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is now before the Court on Defendant's Motion to Dismiss (Doc. 2) filed April 7, 2010. The parties have filed responsive memoranda and this matter is now ripe for disposition. For the reasons stated below, Defendant's Motion is GRANTED.

## I. BACKGROUND

Plaintiff Lenoir Mall, LLC owns the Lenoir Mall in Lenoir, North Carolina and insured the building and contents under State Farm business policy number 95-KF-5435-2. Plaintiff claims its building was damaged in a wind storm on February 10, 2008, which resulted in water intrusion and damage to the building's interior. Plaintiff made a claim under its policy, which State Farm subsequently denied.

Plaintiff filed this lawsuit against State Farm on February 23, 2010 in Caldwell County Superior Court asserting the following causes of action: (1) breach of contract, (2) bad faith settlement practices, and (3) unfair or deceptive trade practices. State Farm removed this action

1

on March 31, 2010 based on diversity grounds and filed its Motion to Dismiss and Answer and affirmative defenses contemporaneously. In its motion to dismiss, State Farm asserts that Plaintiff failed to state a claim for bad faith settlement practices upon which relief could be granted. State Farm now seeks an order dismissing with prejudice the second cause of action in plaintiff's complaint.

## II. LEGAL STANDARD

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Hughes v. Hewlett Packard Corp., 2008 WL 4373794 (W.D.N.C. Sept. 22, 2008) (citing Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993), *cert denied,* 510 U.S. 828 (1993).

The Supreme Court has recently clarified the standard of review used to evaluate complaints in connection with Rule 12(b)(6) motions.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]
> ...
>
> [This standard does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, at 164-65, 174, 167 L.Ed.2d 929

(2007), (citations omitted). It remains the case that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, ---U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). It is also true, however, that the court " need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. " Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (internal quotation omitted).

Accordingly, the Supreme Court requires a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. " Iqbal v. Hasty, 490 F.3d 143, 157 (2nd Cir.2007), certiorari granted sub nom Ashcroft v. Iqbal, --- U.S. ----, 128 S.Ct. 2931, --- L.Ed.2d ---- (2008) (emphasis in original); accord Self v. Norfolk Southern Corp., 264 Fed. Appx. 313 (4th Cir.2008) (citations omitted).

### III. DISCUSSION

Defendant contends that Plaintiff's second cause of action, styled "Bad Faith Claims Settlement Practice," fails to meet the pleading standard because it omits a legal element. More specifically, Defendant contends that Plaintiff failed to plead that Defendant refused to pay after recognition of a valid claim and, accordingly, Plaintiff's second cause of action should be dismissed.

North Carolina recognizes the tort of bad faith settlement practices. See Lovell v. Nationwide, 108 N.C. App. 416 (1993). The elements of a claim for bad faith settlement practices are: (1) "a refusal to pay after recognition of a valid claim; (2) 'bad faith;' and (3) aggravated or outrageous conduct." Topsail Reef Homeowner's Ass'n v. Zurich Specialties London, LTD, No. 00-2115, 11 Fed. Appx. 225, 237 (4th Cir. May 25, 2001) (internal citations

3

omitted).

Defendant contends that Plaintiff's Complaint does not allege that State Farm ever recognized Plaintiff's insurance claim was valid. This Court previously held that a plaintiff's failure to produce evidence that an insurer recognized the insurance claim was valid warranted dismissal of the plaintiff's bad faith claim against its insurer. See Blis Day Spa, LLC v. Hartford Ins. Group, 427 F. Supp. 2d 621, 634 (W.D.N.C. 2006); Topsail Reef Homeowner's Assoc., 11 Fed. Appx. at 238. Similarly, in Parks v. Alteon, 161 F. Supp. 2d 645, 648-51 (M.D.N.C. 2001), the Middle District dismissed a claim for implied warranty of merchantability based on the plaintiff's failure to satisfy the first element of the cause of action in the complaint. As Plaintiff in the current case did not allege and cannot satisfy the first element of a claim for bad faith settlement practices, State Farm is entitled to an order dismissing Plaintiff's second cause of action with prejudice.

Plaintiff responds to Defendant's argument by stating that "Lenoir Mall's Complaint against State Farm sets forth causes of action for breach of contract and unfair and deceptive trade practices as a result of State Farm's conduct." (Doc. 7, 1) Though Plaintiff's Complaint is styled as three separate claims, Plaintiff's complaint only contains two claims. First, plaintiff has pleaded a claim for breach of contract which Defendant does not challenge in its motion to dismiss. Second, Plaintiff has pleaded a statutory claim for unfair or deceptive trade practices based on two separate theories. Plaintiff's first theory is that Defendant's alleged breach of contract was so aggravated that it constituted a violation of Chapter 75-1.1. Plaintiff's second theory is that Defendant committed an unfair or deceptive trade practice because (1) it failed to investigate the claim based upon all available information; (2) arbitrarily determined to deny the claim, and (3) looked for a reason to deny coverage.

4

In *Lee v. Mutual Community Savings Bank*, the North Carolina Court of Appeals addressed the relationship between "general" unfair or deceptive trade practices under N.C. Gen. Stat. 75-1.1 and "insurance specific" unfair or deceptive trade practices act under N.C. Gen. Stat. 58-63-15:

> An unfair or deceptive trade practice claim against an insurance company can be based on violations of either section 75-1.1 or section 58-63-15. A violation of 58-63-15, however, constitutes a violation of section 75-1.1. *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 302, 435 S.E.2d 537, 542 (1993), *disc. review denied*, 442 S.E.2d 519 (1994). Furthermore, the remedy for a violation of section 58-63-15 is the filing of a section 75-1.1 claim. *Id.* (citation omitted). There is no requirement, however, that a party bringing a claim for unfair and deceptive trade practices against an insurance company allege a violation of section 58-63-15 in order to bring a claim pursuant to section 75-1.1. *See U.S. Fire Ins. Co. v. Nationwide Mut. Ins. Co.*, 735 F. Supp. 1320, 1327 (E.D.N.C. 1990) (noting North Carolina courts have not held that a party must allege a violation of Chapter 58 of the North Carolina General Statutes prior to bringing a claim for unfair or deceptive trade practices against an insurance company pursuant to 75-1.1).

525 S.E.2d 854, 857 n.2 (N.C. App. 2000).

Accordingly, Plaintiff has sufficiently pleaded a claim for unfair or deceptive trade practice based on two alternative theories: Defendant's alleged breach of contract and Defendant's alleged violation of N.C. Gen. Stat. § 58-63-15. A careful review of Plaintiff's Complaint and the responsive memoranda filed by both parties, however, reveals that Plaintiff has failed to plead a claim for bad faith settlement practices under North Carolina common law. Because Plaintiff has failed to plead a North Carolina common law claim for bad faith settlement practices, Defendant's Motion to Dismiss Plaintiff's Second claim styled "Bad Faith Claims Settlement Practice" is **GRANTED.**[1]

---

[1] Because Defendant does not seek to dismiss Plaintiff's unfair or deceptive trade practices claim based on Defendant's alleged breach of contract or Defendant's alleged violation of N.C. Gen. Stat. § 58-63-15, this Order does not preclude Plaintiff from basing its claim for unfair or deceptive trade practices on paragraphs 19 through 23 in Plaintiff's Complaint.

## IV. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 2) is hereby **GRANTED.**

Signed: August 23, 2011

Richard L. Voorhees
United States District Judge